UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALIAN ASENCIO, ARACELIS VELEZ CRUZ, DENISE NIEVES, YARITZA DE JESUS LOPEZ, ROSA RIVERA, ANGEL LAURIANO MUÑOZ DE JESUS, BETHZAIDA CRESPO VICENTE, and IRIS OTERO, on behalf of themselves and all similarly situated individuals, Plaintiffs, v. FEDERAL EMERGENCY MANAGEMENT AGENCY, WILLIAM BROCK LONG, THOMAS VAN ESSEN, and ALEJANDRO DE LA CAMPA, Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. NO. 18-40111-TSH |

## CONTINUATION OF TEMPORARY RESTRAINING ORDER

### Background

The Plaintiffs are all individuals who evacuated Puerto Rico in the aftermath of Hurricane Maria, which struck the island on September 20, 2018 causing catastrophic damage. The Federal Emergency Management Agency ("FEMA") has been providing assistance to thousands of residents of Puerto Rico displaced by Maria, including the named Plaintiffs. In May, FEMA announced that as of June 30, 2018, it would discontinue Transitional Shelter Assistance ("TSA") for such evacuees.[1] The Plaintiffs have filed suit against the Defendants seeking to prevent the termination of benefits under the TSA program for themselves and other similarly situated persons. They have asserted claims for relief for Deprivation of their Fifth

---

[1] In simple terms, the TSA program provides direct funding to hotels and motels, which serve as shelters for individuals and families who are forced to evacuate their damaged or destroyed homes due to a natural disaster.

Amendment Due Process Rights (Count I), and Violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A) and (B), 5 U.S. C. § 706(1)(Counts II--IV). Plaintiffs also seek a Declaratory Judgment (Count V).

On Saturday, June 30, 2018, at 5:24 pm, Plaintiffs filed their Complaint. Nearly an hour later, they filed Plaintiffs' Emergency Motion For A Temporary Restraining Order Or Preliminary Injunction and Declaratory Relief (Docket No. 2), seeking an order preventing the Defendants from terminating their benefits under the TSA program. Among other relief, Plaintiffs also requested that the Defendants be ordered to notify all hotels, motels or other facilities which have been providing housing for Hurricane Maria evacuees that any prior notices of termination have been immediately withdrawn and revoked.

After an emergency hearing held via telephone, Judge Sorokin of this Court entered the following Temporary Restraining Order ("TRO"):

> The standard for issuance of an injunction is the familiar four part test. The irreparable harm to the plaintiffs is obvious and overwhelming tomorrow morning they will be evicted and homeless since by definition each plaintiff's home was rendered uninhabitable by the hurricane in Puerto Rico, a determination previously made by the defendants. The public interest on balance favors the plaintiffs both in terms of their personal interests and considering the specter of many sick individuals without homes of their own being rendered homeless with the resulting drain on other public resources in addition to the possible human consequences. The substantially closer question is whether Plaintiffs have established a likelihood of success on the merits of one or more of their legal claims. The Plaintiffs in their papers and at the hearing have articulated, at least, claims that they are entitled to (1) reasonable notice of the termination of the temporary housing assistance; (2) assistance as long as they remain eligible; and (3) assistance in transition to other housing. In addition, they assert that FEMA in prior roughly equivalent disasters has extended the temporary housing assistance substantially longer than in the present disaster. On the record before the Court, which is admittedly limited in that the government has had only the most limited opportunity to respond, the Plaintiffs have demonstrated a sufficient likelihood of success to warrant an limited temporary restraining order under the totality of the circumstances and the governing law. Specifically, the affidavits from counsel show deficiencies in notice and transition assistance. Whether that evidentiary showing prevails on a fuller record is not now necessary to decide. Accordingly,

the Court (1) ENJOINS the Defendants and their agents from terminating the Temporary Housing Assistance program which provides the payment for shelter for the plaintiffs (including the class) until at least midnight July 3, 2018 (i.e. enabling Plaintiffs and the class to stay until checkout time on July 4, 2018); (2) ORDERS Defendants and their agents to provide notice and take whatever action is necessary to extend the assistance until the aforementioned deadline; and (3) SCHEDULES a telephone hearing on this matter before Judge Hillman on Monday July 2, 2018 at 12:45 p.m. This ruling is WITHOUT PREJUDICE to any rulings by Judge Hillman. At the hearing before Judge Hillman counsel for plaintiffs ought be prepared to address with more specificity, inter alia, the specific nature and basis for the right to notice, the nature and basis of the right to ongoing housing assistance, the nature and basis for the right to transition assistance, and the legal significance, if any, of the different durations of housing assistance programs. Counsel for the government ought be prepared to address, inter alia, (on Monday or such further time as requested by the government) the lack of basis for the foregoing issues. Nothing in this outline limits or precludes the parties from raising issues fairly within the pleadings or appropriate defenses … .

See Docket Entry No. 10.

The Court held a further hearing on Plaintiffs' motion on July 2, 2018. At that hearing, the parties informed the Court that the Defendants had agreed to continue the TSA program for the Plaintiffs through July 5, 2018, after which time Plaintiffs' and other evacuees' benefits would terminate in accordance with the Defendants' prior termination notice.

## **Discussion**

At the hearing, Plaintiffs requested that the Court extend the TRO for thirty (30) days to permit the Defendants to file a response to their motion and for the Court to hold an evidentiary hearing, with testimony from the Plaintiffs and the Defendants or their representatives. The Defendants, on the other hand, summarized the statutory genesis of the TSA program and how the program had been applied to the Plaintiffs. The Defendants argued, essentially, that the Plaintiffs have not established a likelihood of success on the merits, first, because the Governor of Puerto Rico had agreed to the termination of the program, and second, because the Plaintiffs

cannot establish that they have a property right to continued benefits (and therefore, cannot establish the violation of a constitutional right).

Having reviewed the cases cited by the parties and considered their arguments, I find that further briefing on the issues would be helpful to the Court. The parties should address the statutory scheme in greater detail. In connection therewith, I would like the parties to address the implication of the refusal of the Governor of Puerto Rico to request an extension of the TSA program benefits.

The Defendants shall file their opposition by July 13, 2018 and the Plaintiffs a reply thereto by July 18, 2018. After reviewing the parties' submissions, I will determine whether a further hearing is necessary. I expect to issue my Order by July 23, 2018. Accordingly, the TRO entered by Judge Sorokin shall remain in place until least midnight July 23, 2018 (*i.e.*, enabling Plaintiffs and the class to stay until checkout time on July 24, 2018).

**So Ordered:**


Dated: July 3, 2018 9:25 a.m.                    /s/ *Timothy S. Hillman*
                                                 **TIMOTHY S. HILLMAN**
                                                 **DISTRICT JUDGE**